UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:19-cv-2541 |
| v. | ) |
| | ) Judge |
| **BOB-MOR INC,** an Ohio corporation for profit | ) |
| | ) Magistrate Judge |
| | ) |
| Defendant. | ) |

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against the named Defendant for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

      actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **BOB-MOR INC**, upon information and belief, owns or operates the property located at 13508 OH-15, Montpelier, OH 43543 in Williams County, Ohio, which is a hotel known as "Quality Inn." Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the facility owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Foster is a Fulton County, Ohio resident and frequents the parks, restaurants, shopping centers, businesses and establishments of Williams County and surrounding area, including the Defendant's property that form the subject of this complaint.

9. On July 29, 2019 and September 28-29, 2019, Plaintiff was a restaurant customer and an overnight guest at the Defendant's property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use

the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the hotel and restaurant, encountered barriers to access at the hotel, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

$500,000 or less).

14. A preliminary inspection of the hotel owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Parking and Accessible Routes:

    A. Designated accessible parking lacks required signage, in violation of the ADA whose remedy is readily achievable.

    B. Designated accessible parking lacks required access aisles, in violation of the ADA whose remedy is readily achievable.

    C. There are no designated van accessible spaces, in violation of the ADA whose remedy is readily achievable.

    D. There are cracks and changes in level on the accessible route to the hotel entrance, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services:

    E. There are amenities in the complimentary coffee and tea beverage area that are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

    F. Upon information and belief, there are amenities in the swimming pool and fitness center that are not modified for ADA compliance, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

G. The men's restroom lacks the required maneuvering clearance at the latch side to exit the restroom, partly due to a waste receptacle, in violation of the ADA whose remedy is readily achievable.

H. Both urinals inside the men's restroom are mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

I. The coat hook inside the men's room toilet compartment is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

J. The toilet compartment in the men's room does not have required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

K. The men's restroom water closet seat height is below the required range, in violation of the ADA whose remedy is readily achievable.

L. The men's restroom toilet paper dispenser not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

M. The men's restroom toilet compartment lacks a rear grab bar and the side grab bar is non-compliant, in violation of the ADA whose remedy is readily achievable.

N. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

O. The men's restroom contains amenities, including a soap dispenser, whose operable parts exceed 48 inches in reach range above the finish floor, in violation of the ADA whose remedy is readily achievable.

P. The men's restroom mirror is mounted so that its reflective surface exceeds the allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

Q. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Mobility Accessible Guest Room #184

R. The closet rod is located above required reach range, in violation of the ADA whose remedy is readily achievable.

S. The door locking mechanism is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

T. The bathroom door does not have required clearance at the latch side to enter, in violation of the ADA whose remedy is readily achievable.

U. Bathroom towels are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

V. There is no rear grab bar around the water closet, in violation of the ADA whose remedy is readily achievable.

W. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

X. The roll-in shower has a threshold of several inches, in violation of the ADA whose remedy is readily achievable.

Y. The shower entirely lacks a required handheld sprayer on a hose with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

Z. The roll-in shower's built-in L-shaped seat does not have required width, height, or location and presents a dangerous condition in its present state, in violation of the ADA whose remedy is readily achievable.

AA. The grab bars installed inside the roll-in shower compartment are non-compliant, in violation of the ADA whose remedy is readily achievable.

BB. The restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

CC. The robe hook located on the bathroom door is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

<u>Type and Number of Designated Accessible Guestrooms</u>

DD. There are an insufficient number of designated accessible guestrooms equipped with roll-in showers, and without roll-in showers. Whereas for a hotel with 160 guestrooms a minimum of two roll-in showers are required and six mobility accessibility guest rooms without a roll-in shower, in violation of the ADA whose remedy is readily achievable.

EE. The Defendant's hotel offers varied types, prices and classes of lodging options but does not disperse accessible accommodations among the types, instead locating them only in one type, in violation of the ADA whose remedy is readily achievable.

FF. Upon information and belief, Leland Foster believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel. Including the

8

other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

Policies and Procedures:

GG. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

HH. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

II. The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this multiple story hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Derek Mortland, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency.

15. The discriminatory violations described in Paragraph 14 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been

discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the hotel accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law

and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant operates or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendant's acts are willful, severe and ongoing. Whereas, since purchasing the property in 1990, the Defendant has denied Mr. Foster and others with mobility impairments compliant handicap transient lodging. This is despite numerous physical barriers to handicap access at its hotel facility and continuous operation of an ongoing business in those years without undertaking readily achievable barrier removal subsequent to the enactment of the Americans with Disabilities Act and O.R.C. § 4112.02(G).

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

                Valerie J. Fatica (0083812)
                The Ottawa Hills Shopping Center
                4334 W. Central Ave., Suite 222
                Toledo, OH 43615
                (419) 654-1622 – Phone
                (419) 241-9737 - Facsimile
                Email: valeriefatica@gmail.com